UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ASHLEY SANCHEZ,  No. 11-13996

                Debtor(s).
_____/

Memorandum on Motion for Refund of Fees
_____

      On May 20, 2010, Chapter 7 debtor Ashley Sanchez signed a fee agreement with attorney Kathi L. West. The agreement was entitled "Flat Fee Agreement For Legal Services for Chapter 7 Bankruptcy Case." The agreement called for a fee of $1,500.00, plus the $299.00 court filing fee. It purported to exclude some services usually considered to be the ordinary responsibility of every debtor's counsel, including representation for normal motions which might be made in the case and counseling on reaffirmations.

      Sanchez made payments to West over time, but never paid the full fee and West never filed the bankruptcy. Sanchez eventually filed the bankruptcy with other counsel. She has now moved the court for a review of the fees paid to West and a return of fees Sanchez claims were unearned and excessive.

      West has raised a legal objection to the motion. She argues that § 329(a) of the Bankruptcy Code only requires an attorney to disclose compensation paid or agreed to be paid in connection with the bankruptcy in the year before bankruptcy, and that pursuant to § 329(b) the court may only order

1

the refund of "such compensation" to the extend fund excessive. In other words, West argues that the court has no power to order the refund of fees paid more than a year before bankruptcy, even if they were clearly for bankruptcy services and clearly excessive.

The court begins by noting that Sanchez' motion is authorized by Rule 2017(a) of the Federal Rules of Bankruptcy Procedure, which permits the court to order the return of any excessive payment made to an attorney before filing in contemplation of bankruptcy with no time limit. Additionally, § 329(a) has been found not to be a statute of limitations, but only a period of presumption; payments and agreements made more than a year before the filing are presumed to be unrelated to the bankruptcy, but the presumption is rebuttable. *Matter of Prudhomme,* 43 F.3d 1000, 1003 (5th Cir. 1995). [1] The Bankruptcy Appellate Panel cases cited by West do not compel a different result.

In this case, the title and substance of the agreement make it clear that it and the fees paid pursuant to it are in connection with a Chapter 7 bankruptcy. The presumption is therefore rebutted, and the court may review the fees for excessiveness.

The court notes that West's fees under the agreement are not high, some fees have been voluntarily returned, and it appears that some work was undertaken for which West is entitled to compensation. The court hopes that the parties can reach an accommodation on their own. However, if they are unable to do so, the court will conduct a further hearing on January 26, 2012, at 10:00 A.M. Any person who has submitted a declaration shall be present in court at that time for cross-examination.

Dated: December 12, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] *Prudhomme* found that the presumption was rebutted by fraud or concealment. 43 F.3d at 1003. The court finds here that the presumption is rebutted by the clear language of the agreement.

2